# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEBORAH ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: K26C-07-026 RLG |
| | ) | |
| JOHN JAMES ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| DEBORAH ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: K26C-07-033 RLG |
| | ) | |
| REGINA A. HICKS, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| DEBORAH ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: K26C-07-034 RLG |
| | ) | |
| FEMON A.B. PADMORE II | ) | |
| (MATTHEW A. SCOTT), | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted:  July 28, 2026
Decided:  August 13, 2026

Upon consideration of the Complaints and Applications to Proceed *in forma pauperis* of Plaintiff Deborah Ellis, the Court finds as follows:

After review of the motions to proceed *in forma pauperis*, the Court finds Ms. Ellis qualifies as indigent and approves the motions. As required by 10 Del. C. § 8803(b), the Court also reviewed the accompanying Complaints. The Court finds the Complaints to be both legally and factually frivolous.

If the Court determines a complaint to be legally frivolous, factually frivolous, or malicious, the complaint must be dismissed.[1]

> A claim is factually frivolous where the factual allegations are "baseless, of little or no weight, value or importance, [or] not worthy of serious attention or trivial." A claim is legally frivolous where it is "based on an indisputably meritless legal theory." A claim is malicious when "designed to vex, injure or harass, or one which is otherwise abusive of the judicial process or which realleges pending or previously litigated claims."[2]

Ms. Ellis's first Complaint alleges that John Ellis, Esquire, committed legal malpractice.[3] Although Ms. Ellis acknowledges Mr. Ellis did not serve as her attorney, she contends he helped her "by trying to expose his family's organization who held [her] memories for decades as a child."[4] Ms. Ellis "never met [Mr. Ellis],"

---

[1] Jones v. Delaware State Police, 2019 WL 6170847, at *1 (citing 10 Del. C. S 8803(b)).

[2] Id. (citing 10 Del. C. § 8801(4), (7), and (8)).

[3] C.A. No. K26C-07-26 RLG D.I. 1 at 1 (July 23, 2026).

[4] Id. at 2.

but asserts he "revealed himself to [her] through coming inside of [her] spirit (Witchcraft) [sic]."[5] Throughout her Complaint against Mr. Ellis, Ms. Ellis alleges Mr. Ellis used witchcraft to manipulate her memories, perform healing acts, speak to her through some form of projection, and force her to change her name legally to Deborah Ellis.[6]

In that same Complaint, Ms. Ellis declares her intention to sue the State of Delaware for negligence related to the State's failure to prevent Mr. Ellis's utilization of witchcraft.[7] She further states a claim for "settlements and unemployment" totaling $587,000,000.00.[8] Ms. Ellis concludes that Complaint by naming three additional attorneys at Mr. Ellis's law firm and 167 ancillary people she believes are involved in a conspiracy against her.[9]

Ms. Ellis's second Complaint reiterates her allegations regarding the use of witchcraft against her.[10] She contends Regina Hicks, her aunt, spoke with a number of individuals "wanting [Ms. Ellis] dead because some of them got exposed to the

---

[5] Id.

[6] See id. at 2-6. Ms. Ellis filed a name change petition in the Kent County Court of Common Pleas on March 6, 2025. Before the granting of that petition, Ms. Ellis's name was Nakiya Tate.

[7] Id. at 5.

[8] Id. at 6.

[9] Id. at 7-8.

[10] C.A. No. K26C-07-033 RLG D.I. 1 (July 28, 2026).

3

people they hang around and live with [sic]."[11]  Ms. Ellis argues she "cannot sue

these individuals because they want to kill [her] through witchcraft and physically

come to [her] mom's house and take [Ms. Ellis] out of this world."[12]  As best the

Court can discern, Ms. Ellis asserts the individuals who spoke to Ms. Hicks are

involved in a plan to utilize witchcraft to steal the settlement funds Ms. Ellis

allegedly received through a worker's compensation claim.[13]  Ultimately, Ms. Ellis's

second Complaint sets forth a claim of defamation against Ms. Hicks for advising

Ms. Ellis's family to "stay away" from Ms. Ellis.[14]

Ms. Ellis's third Complaint names Femon Padmore II, Esquire, as the

Defendant, but does not assert any claim against Mr. Padmore.[15]  She restates her

contention that Mr. Ellis forced her to change her name "to keep [Ms. Ellis] safe

from the witches and warlocks that are still in [Ms. Ellis's] Spirit Man [sic]."[16]  Ms.

---

[11] Id. at 1.

[12] Id.

[13] See generally id. at 2-4.  Ms. Ellis refers to settlement money Mr. Ellis allegedly obtained on behalf of Ms. Ellis and her mother.  But see C.A. No. K26C-07-026 RLG D.I. 1 at 1-3 (wherein Ms. Ellis identifies the alleged settlement funds as stemming from her mother's worker's compensation claim.  Mr. Ellis apparently represented Ms. Ellis's mother's employer in those proceedings.  Ms. Ellis also refers to a "slip and fall" case and a separate worker's compensation claim involving only Ms. Ellis).

[14] C.A. No. K26C-07-033 RLG D.I. 1 at 2-4.

[15] C.A. No. K26C-07-034 RLG D.I. 1 (July 28, 2026).

[16] Id. at 4.

4

Ellis describes her understanding of some of the inner workings of Mr. Ellis's law firm, but fails to articulate a cognizable claim or ask for any form of relief.[17]

Across her three Complaints, Ms. Ellis accuses various individuals of practicing witchcraft against her. She further contends Mr. Ellis installed a listening device in her ear – though her Complaints vacillate between depicting Mr. Ellis as an antagonistic figure, or someone Ms. Ellis believes intends to help her combat the witchcraft. Throughout her Complaints, Ms. Ellis does not state any claims for which relief can be granted. Accordingly, Ms. Ellis's three Complaints are both legally and factually frivolous.

Under 10 Del. C. § 8803(e), this Court may enjoin a litigant from filing future claims absent leave of the Court. A litigant so enjoined must attach an affidavit to any future claims certifying that:

> (1) the claims sought to be litigated have never been raised or disposed of before in any court; (2) the facts alleged are true and correct; (3) the affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised; (4) the affiant has no reason to believe the claims are foreclosed by controlling law; and (5) the affiant understands that the affidavit is made under penalty of perjury.[18]

---

[17] See id. at 1-6.

[18] 10 Del. C. § 8803(e).

The Court finds the instant Complaints constitute an abuse of the judicial process, and requires that Ms. Ellis be enjoined from future filings under § 8803(e). To the extent Ms. Ellis seeks to submit any future filings with the Court, she must comply with the enumerated requirements of § 8803(e) noted above. Ms. Ellis's Complaints are **DISMISSED** with prejudice, and service of process shall not issue.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

OC: Prothonotary
CC: Deborah Ellis

6